UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

PHILIPS AMADOR, individually and on behalf
of all others similarly situated,

                Index No.

                Plaintiff,        **COLLECTIVE ACTION COMPLAINT**

      -against-

                                    **Jury Trial Demanded**

MORGAN STANLEY & CO. LLC, f/k/a Morgan
Stanley & Co. Incorporated,

                Defendant.

-------------------------------------------------------------x

Plaintiff, PHILIPS AMADOR, individually and on behalf of all others similarly situated, by their attorneys Hoffmann & Associates and Shavitz Law Group, P.A., for their complaint against defendant MORGAN STANLEY & CO. LLC, allege as follows:

### THE PARTIES

*Plaintiff PHILIPS AMADOR*

1. Plaintiff PHILIPS AMADOR was employed by defendant Morgan Stanley & Co. LLC, f/k/a Morgan Stanley & Co. Incorporated (hereinafter "Morgan Stanley") from approximately November 1998 to March 2009 at various branches in the greater metropolitan area of Miami, Florida.

2. Plaintiff worked for Morgan Stanley as a Senior Registered Client Services Associate, among other related positions during the material time (collectively, regardless of precise title, a "client services associate" position).

1

3. Pursuant to Morgan Stanley's policy and pattern or practice, Plaintiff regularly performed work as a client services associate for Morgan Stanley's benefit without proper compensation. Morgan Stanley did not pay Plaintiff a proper overtime premium for hours Plaintiff worked as a client services associate for Morgan Stanley's benefit in excess of forty (40) hours in a workweek.

4. Plaintiff's written consent to join this action is attached as **Exhibit A** to this Complaint.

*The Defendant*

5. Morgan Stanley & Co. LLC f/k/a Morgan Stanley & Co. Incorporated, is a Delaware limited liability company with its principal place of business in New York, New York.

6. Morgan Stanley is a financial services company that provides brokerage and related products and services to millions of investors nationwide

7. Defendant employed Plaintiff and other similarly situated current and former employees.

8. Defendant had the power to control the terms and conditions of employment of Plaintiff and other similarly situated current and former employees, including without limitation those terms and conditions relating to the violations alleged herein.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

10. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), pursuant to 29 U.S.C. § 216(b).

11. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

12. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b). Defendant resides in New York, New York.

13. Defendant is subject to personal jurisdiction in New York.

14. Defendant is a covered employer within the meaning of the FLSA, and have had gross revenues exceeding $500,000 for all relevant time periods.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for Morgan Stanley during the material time as client services associates, or in similar positions with comparable titles, including without limitation, Senior Registered Client Associates, Registered Client Services Associates who elect to opt in to this action (the "FLSA Class" or "asserted class").

16. Morgan Stanley is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and to similarly situated current and former employees. There are many similarly situated current and former Morgan Stanley employees who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Morgan Stanley, are readily identifiable, and can be located through Morgan Stanley's records. Notice should be sent to the FLSA Class pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

17. Plaintiff worked for Morgan Stanley as a client services associate, however precisely titled.

3

18.  Plaintiff worked more than 40 hours during most weeks in which they worked for Morgan Stanley.

19.  Morgan Stanley failed to pay Plaintiff and the members of the FLSA Class overtime compensation for any of the hours they worked over 40 in a work week.

20.  Morgan Stanley failed to keep accurate records of the hours that Plaintiffs' and the members of the FLSA Class worked.

21.  Throughout the relevant period, it has been Morgan Stanley's policy, pattern or practice to require, suffer, or permit Plaintiffs and the members of the FLSA Class to work in excess of forty (40) hours per week without paying them overtime wages properly.

22.  All of the work that Plaintiff and the members of the FLSA Class have performed has been assigned by Morgan Stanley and/or Morgan Stanley has been aware of all of the work that Plaintiff and the members of the FLSA Class have performed.

23.  Plaintiff and all members of the FLSA Class performed the same, primary job duties, which are non-exempt.

24.  Morgan Stanley has intentionally, willfully, and regularly engaged in a company-wide pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of the FLSA Class that was authorized, established, promulgated, and/or ratified by its New York headquarters. This policy, pattern or practice includes but is not limited to:

(a)  willfully failing to record all of the time that its employees, including Plaintiff and the members of the FLSA Class, have worked for the benefit of Morgan Stanley;

(b)  willfully failing to keep payroll records as required by the FLSA;

(c)  willfully failing to credit Plaintiff and the members of the FLSA Class for all overtime hours worked, consistent with the requirements of the FLSA; and

4

(d) willfully failing to pay their employees, including Plaintiffs and the members of the FLSA Class, overtime wages for hours that they worked in excess of forty (40) hours per week.

25. To the extent that Morgan Stanley classified client services associates as exempt from the overtime protections of the FLSA, they were mis-classified.

26. Morgan Stanley is aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty (40) hours per week.

27. Morgan Stanley's unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act: Unpaid Overtime Wages)
### (Brought on Behalf of Plaintiff and Similarly Situated Current and Former Employees)

28. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

29. Morgan Stanley has engaged in a widespread pattern, practice or policy of violating the FLSA in regard to Plaintiff and the members of the FLSA Class, as detailed in this Complaint.

30. At all relevant times, Plaintiff and other similarly situated current and former employees in the FLSA Class were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

31. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Morgan Stanley.

32. Morgan Stanley is an employer of Plaintiff and other similarly situated current and former employees and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

33. At all relevant times, Plaintiff and other members of the FLSA Class were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

34. Morgan Stanley has failed to pay Plaintiff and other members of the FLSA class the overtime wages to which they were entitled under the FLSA.

35. Morgan Stanley's violations of the FLSA, as described in this Complaint, have been willful and intentional.

36. Because Morgan Stanley's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity or operation of law ("the material time).

37. As a result of Morgan Stanley's willful violations of the FLSA, Plaintiff and other members of the FLSA Class have suffered damages by being denied overtime wages in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons in the FLSA Class, pray for the following relief:

A. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the court should issue such notice, to all members of the FLSA Class during the material time through the date of such notice. Such notice shall inform them that this civil

action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

      B.    Unpaid wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

      C.    An injunction enjoining Defendant from violating the foregoing laws and regulations in the future;

      D.    Pre-judgment interest;

      E.    Attorneys' fees and costs of the action; and

      F.    Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

Dated:    June 21, 2011
          New York, New York

                        Respectfully submitted,
                        **HOFFMANN & ASSOCIATES**

By:

Andrew S. Hoffmann, Esq.
Hoffmann & Associates
450 Seventh Avenue, Suite 1400
New York, New York 10123
Tel: (212) 679-0400; Fax: (212) 679-1080

**SHAVITZ LAW GROUP, P.A.**
Gregg I Shavitz (*pro hac vice* motion to be submitted)
Hal B. Anderson (*pro hac vice* motion to be submitted)
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Tel: (561) 447-8888; Fax: (561) 447-8831
*Attorneys for Plaintiff and the Putative Collective*

## RULE 9 STATEMENT

The plaintiff herein, Philips Amador, is an individual and is not affiliated with any corporations or other entities.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PHILIPS AMADOR, individually and on behalf
of all others similarly situated,

        Index No.

        Plaintiff,

        **NOTICE OF FILING**
        **CONSENT(S) TO JOIN**

-against-

MORGAN STANLEY & CO. LLC, f/k/a Morgan
Stanley & Co. Incorporated,

        Defendant.
------------------------------------------------------------x

## NOTICE OF FILING CONSENT(S) TO JOIN

COMES NOW, the Plaintiff, PHILIPS AMADOR, by and through the undersigned counsel, and hereby give notices of filing the written Consent to Join.

Dated: June 21, 2011

        Respectfully submitted,

        **HOFFMANN & ASSOCIATES**

        By: *[signature]*

        Andrew S. Hoffmann, Esq.
        Hoffmann & Associates
        450 Seventh Avenue, Suite 1400
        New York, New York 10123
        Tel: (212) 679-0400; Fax: (212) 679-1080

        **SHAVITZ LAW GROUP, P.A.**
        Gregg I Shavitz (*pro hac vice* motion to be submitted)
        Hal B. Anderson (*pro hac vice* motion to be submitted)
        1515 South Federal Highway, Suite 404
        Boca Raton, FL 33432
        Tel: (561) 447-8888; Fax: (561) 447-8831
        *Attorneys for Plaintiff and the Putative Collective*

NOTICE OF CONSENT TO JOIN

The undersigned, _Philips Amader_ hereby consents, pursuant to 29 U.S.C. §216(b), to become a party plaintiff in this action.

_____
CLIENT SIGNATURE